NO. 07-11-00159-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 19, 2011

_____

ANGEL JAIME TARANGO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF OCHILTREE COUNTY;

NO. 19,326; HONORABLE EARL MCKINLEY, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Angel Jamie Tarango appeals the order of the trial court revoking his community supervision and sentencing him to 180 days' confinement in the county jail. Finding appellant was denied the fundamental right to counsel at the hearing on the State's motion to revoke community supervision, we reverse the order of the trial court and remand the case for a new hearing.

Background

On February 2, 2010, appellant plead guilty to the charge of driving while intoxicated, second offense.[1] The trial court found him guilty and sentenced him to confinement in the county jail for one year but suspended his sentence and placed him on community supervision for two years. In a motion to revoke appellant's community supervision filed August 16, 2010, the State alleged five violations as grounds.

On April 5, 2011, appellant appeared without counsel in open court and plead not guilty to an unrelated charge of driving with a suspended license. The court instructed him to retain counsel and return on a later date. The court then called the State's motion to revoke in the underlying case. Still without counsel, appellant responded the allegations were true. But following a recess, when the court again inquired about the allegations, appellant responded, "Not true, sir." At that, the State announced ready to proceed and the court instructed the prosecutor to present the State's case. The only witness was appellant's probation officer. Appellant asked one question on cross-examination. The State rested and closed. During a following exchange, appellant told the court he had an appointment with a lawyer. The prosecutor, apparently believing appellant had waived his right to counsel by his actions at the hearing, took the position the case was "over" but for sentencing. Without further inquiry concerning appellant's representation by counsel, the court found the allegations of probation violations to be true, and pronounced sentence. This appeal followed. In lieu of a brief, the State has

---

[1] Tex. Penal Code Ann. § 49.04 (driving while intoxicated is a Class B misdemeanor) and § 49.09(a) (enhancement to Class A misdemeanor on showing of prior conviction for, *inter alia*, offense relating to operation of motor vehicle while intoxicated) (West 2011).

filed a letter acknowledging that review of the record reveals no express waiver of counsel by appellant with respect to the motion to revoke.

Analysis

By his first issue, appellant asserts he was denied representation of counsel at the hearing on the State's motion to revoke community supervision.

A criminal defendant has a fundamental right to counsel. U.S. Const. Amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051 (West Supp. 2010); *Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562 (1975); *Gideon v. Wainwright,* 372 U.S. 335, 340-45, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Williams v. State,* 252 S.W.3d 353, 355-56 (Tex.Crim.App. 2008). The right applies at a probation revocation hearing. *Hatten v. State,* 71 S.W.3d 332, 333 n.1 (Tex.Crim.App. 2002) (citing *Ruedas v. State,* 586 S.W.2d 520 (Tex.Crim.App. 1979)). While an accused may waive his right to counsel, he must do so voluntarily, knowingly and intelligently. *Webb v. State,* 533 S.W.2d 780, 785 (Tex.Crim.App. 1976) (citing *Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972) (holding "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at trial")).

The constitution also affords the accused a reciprocal right of self-representation at trial. *Faretta,* 422 U.S. at 818-22, 95 S.Ct. at 2532-34; *Williams,* 252 S.W.3d at 356. But the right of self-representation does not attach until it is clearly and unequivocally asserted. *Id.,* 422 U.S. at 835, 95 S.Ct. at 2541. "When a criminal defendant chooses

to waive his right to counsel and represent himself, the waiver should be made knowingly and intelligently and he should be warned of the dangers and disadvantages accompanying such waiver." *Hatten,* 71 S.W.3d at 333 (citing *Faretta,* 422 U.S. at 835-836).

This record contains no testimonial or written evidence that appellant knowingly and intelligently waived his right to counsel. *Webb,* 533 S.W.2d at 785; Tex. Code Crim. Proc. Ann. art. 1.051(g) (West Supp. 2010) (providing written waiver); *but see Burgess v. State,* 816 S.W.2d 424, 429-31 (Tex.Crim.App. 1991) (holding no statutory or constitutional requirement of a written waiver of right to counsel). Nor did appellant clearly and unequivocally assert the right of self-representation. *Williams,* 252 S.W.3d at 356. In the absence of a waiver of the right of counsel, we conclude the trial court erred in proceeding to disposition of the State's motion to revoke.

The complete denial of the right to trial counsel is a structural defect for which prejudice is presumed. *Williams,* 252 S.W.3d at 357 (citing *Gideon,* 372 U.S. at 339-47). The error is therefore not subject to a harm analysis but requires reversal. *Id.* at 357. We sustain appellant's first issue.

By his second issue, appellant asserts the trial court erred by not ensuring that he was properly served with a copy of the State's motion to revoke. We do not reach this issue because its review is unnecessary to disposition of the appeal. Tex. R. App. P. 47.1.

4

Conclusion

Having sustained appellant's first issue, we reverse the order of the trial court and remand the case for a new hearing on the State's motion to revoke community supervision.


James T. Campbell
Justice


Do not publish.